# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEWEY AUSTIN BARNETT, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:25-CV-00307 SPM |
| ) | |
| ANDREW FOX, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dewey Barnett, II, an inmate at Southeast Correctional Center (SECC), for leave to commence this civil action without prepaying fees or costs. [ECF No. 2]. The Court will grant the motion and assess an initial partial filing fee of $1.00. Furthermore, after reviewing the pleadings in this matter, the Court will dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Dewey Barnett, II, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. He names his state public defender, Andrew Fox, as well as St. Louis City, as defendants in this action.

Plaintiff alleges that defendant Fox failed to respect the defense he wished to put forth during his post-conviction relief proceedings. He claims that during a visit to the Jefferson County Jail, Fox tried to "coerce" him into pleading guilty to a lesser included offense by submitting to a mental examination. Plaintiff believes that Fox's actions were "fraudulent misrepresentation," because plaintiff had already been found to be competent in an underlying proceeding. Additionally, plaintiff had filed an "affidavit of truth" in his criminal case stating that he would not rely on a "mental culpability defense." Plaintiff has not made any allegations against defendant St. Louis City in this action. To the extent he is suing St. Louis City because he believes defendant Fox is employed by St. Louis City, he misunderstands that Missouri Public Defenders are actually employed by the State of Missouri.

Plaintiff seeks compensatory and punitive damages in this action. He also seeks to have an injunction entered to stop the State of Missouri from proceeding against him in criminal

3

proceedings. To the extent the Court denies the requested injunctions, he seeks transfer from State to Federal custody.

## Discussion

Plaintiff is a self-represented litigant currently incarcerated at SECC who brings this civil action pursuant to 42 U.S.C. § 1983. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss plaintiff's complaint.

First, as noted above, plaintiff has failed to make any allegations against St. Louis City in this action. To the extent he misunderstands and believes defendant Fox is employed by the City of St. Louis, he is incorrect. Missouri Public Defenders are employed by the State of Missouri.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (explaining that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

To the extent plaintiff is truly attempting to sue the City of St. Louis, he has not indicated an unconstitutional policy or custom of the City under which he is suing. A political subdivision generally cannot be held vicariously liable under 42 U.S.C. § 1983 for unconstitutional acts performed by its employees. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)). A political subdivision

can only be held liable under § 1983 if a constitutional violation resulted from an official policy, custom, or a deliberately indifferent failure to train or supervise. *Id.; Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same.

Here, plaintiff's facts do not point to the existence of any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [a St. Louis, Missouri] governing body" as being at issue in this case. *See Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992). He does not claim that a St. Louis City employee's actions were the result of "a deliberate choice of a guiding principle or procedure made by [a] municipal official who has final authority regarding such matters." *See Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). Plaintiff also has not established the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" St. Louis, Missouri's employees, much less that policymaking officials were deliberately indifferent to or tacitly authorized such misconduct, as he only alleges one particular incident on a specific date against his public defender. *See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Additionally, he has not demonstrated that St. Louis City employees were deliberately indifferent in failing to train or supervise those in contact with plaintiff. That is, he has not shown that St. Louis, Missouri, or municipal employees of the City, "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). For these reasons, plaintiff has failed to state a claim against St. Louis, Missouri. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's

5

dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights)

Plaintiff next accuses his criminal attorney, Andrew Fox, of failing to properly represent him in his prior criminal action. Because plaintiff's defense attorney did not act under of color of state law, he cannot be liable for any violation of plaintiff's constitutional rights under § 1983. "The essential elements of a [42 U.S.C.] § 1983 claim are: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020). However, a defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for the alleged deprivation of constitutional rights under 42 U.S.C. § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Myers v. Vogal,* 960 F.2d 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"). For the aforementioned reasons, plaintiff's allegations against Andrew Fox are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

6

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claims in this action are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13<sup>th</sup>d ay of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

Case: 4:25-cv-00307-SPM   Doc. #:  3   Filed: 05/13/25   Page: 7 of 7 PageID #: 31